UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REGINALD CECIL LANE, ET AL, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-1971 |
| | § | |
| HALLIBURTON, A CORPORATION, ET AL, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Pending before the court is the defendants'[1] motion to dismiss. Dkt. 5. After considering the parties' arguments, the evidence, and the applicable law, the court concludes that the case presents a non-justiciable political question. Accordingly, the court lacks jurisdiction to hear this case. Therefore, the defendants' motion to dismiss is GRANTED.

## BACKGROUND

The facts as alleged in the plaintiffs' original petition (Dkt. 1, Ex. 2.) are as follows. In 1985, as part of a program to augment Army forces, the United States Army implemented the Logistics Civil Augmentation Program or LOGCAP. Under LOGCAP,[2] the Army awarded Brown

---

[1] The defendants filing the motion are Halliburton Company; Kellogg, Brown & Root, Inc.; Service Employees International, Inc.; Kellogg, Brown & Root Services, Inc.; DII Industries, LLC; and Kellogg, Brown & Root International, Inc. The court does not consider the defendant Strategic Ecomm, Inc.'s motion to dismiss, (Dkt. 60) because its decision here renders the motion moot.

[2] The court used definitions of Army terms and acronyms from the Records Management and Declassification Agency website. This database is available to the public at http://www2.arims.army.mil/abbreviation/MainMenu.asp.

& Root Services (KBR) contract No. DAAA09-02-D-0007 to provide essential services in support of the military in Iraq. Military Task Orders 43 and 59 defined KBR's specific tasks, including the transportation services at issue in this case. To fill the jobs created by the contract, KBR recruited civilian personnel.

In October 2003, the plaintiff Reginald Cecil Lane left his then-current employment to work for KBR as a truck driver in Iraq. Lane was assigned to deliver fuel from his station at Camp Anaconda to specified locations in the Area of Operations. On April 9, 2004, the Army deployed a series of convoys into an area that had been subjected to continuous attack by anti-American factions. Lane's convoy came under fire along its route injuring many of the civilian drivers. Lane, in particular, suffered the partial loss of an arm and irreparable brain damage.

Plaintiffs allege state court claims, including fraud and deceit, fraud in the inducement, intentional concealment of material facts, intentional misrepresentations, intentional infliction of physical and emotional injuries, and common law civil conspiracy to commit fraud. The plaintiffs seek general, punitive and exemplary damages. The plaintiffs also request that the court enjoin KBR and all other defendants from continuing "their unlawful, fraudulent and deceitful actions."

## POLITICAL QUESTION

The court recently considered a motion to dismiss in a case brought by different plaintiffs in a different convoy, the Hammil Convoy, on April 9, 2006. The facts, arguments, and evidence are nearly identical.[3] Accordingly, the courts adopts, in its entirety, the reasoning from its memorandum

---

[3.] Notably, the plaintiffs originally moved to intervene in *Fisher v. Halliburton*, but their motion was denied. *Fisher* Dkts. 90 and 95. Afterwards, the plaintiff filed suit in the 333rd Judicial District of Harris County, Texas, *Lane v. Halliburton*, No. 2006-28755, and the case was subsequently

and order dismissing *Fisher v. Halliburton*, for lack of jurisdiction. *Fisher v. Halliburton*, No. H-05-CV-1731, at Dkt. 164 (S.D.Tex. Sep. 22, 2006). As in *Fisher*, the Army played an integral role in the planning and force protection for the fuel convoys, both under the governing contracts and in practice. As such, the court finds that it cannot try this case without an impermissible intrusion into powers expressly granted to the Executive by the Constitution.

## CONCLUSION

For the foregoing reasons, and the reasons enumerated in *Fisher v. Halliburton*, the court finds that it lacks jurisdiction to hear the above-styled case, because it presents a non-justiciable political question. Accordingly, the defendants' motion to dismiss is GRANTED. Dkt. 5. The case is DISMISSED for want of jurisdiction.

It is so ORDERED.

Signed at Houston, Texas, on September 26, 2006.

_____
Gray H. Miller
United States District Judge

---

removed to this court.

3